UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Boris A. Miksic, <br><br> Plaintiff, <br><br> v. <br><br> Boeckermann Grafstrom Mayer, LLC, a Minnesota limited liability company, f/k/a Johnson, West & Co. P.L.C., Boeckermann Grafstrom Mayer, P.A., and Johnson West & Co. P.L.C. <br><br> Defendants. | Court File No. _____ <br><br> **VERIFIED COMPLAINT AND JURY DEMAND** |

For his Complaint against Boeckermann Grafstrom Mayer, LLC, Boeckermann Grafstrom Mayer, P.A., and Johnson West & Co. P.L.C., Boris A. Miksic hereby states and alleges as follows:

## PARTIES

1. Plaintiff Boris A. Miksic ("Miksic") is an individual residing at 645 Halyard Lane, Long Boat Key, Florida 34228.

2. Upon information and belief, Defendant Boeckermann Grafstrom Mayer, LLC (collectively, with Boeckermann Grafstrom Mayer, P.A., "BGM") is a Minnesota limited liability company with its principal executive office at 4470 West 78th Street Circle, Suite 200, Bloomington, Minnesota 55435. Upon information and belief, Cory M. Parnell ("Parnell") and Cordell (Corey) W. Edmunds ("Edmunds"), are members of Defendant BGM, and are citizens of the State of Minnesota.

3. Upon information and belief, Defendant Boeckermann Grafstrom Mayer, P.A. (collectively, with Boeckermann Grafstrom Mayer, LLC, "BGM") is a Minnesota professional

association with its principal executive office at 4470 West 78th Street Circle, Suite 200, Bloomington, Minnesota 55435.

4. Upon information and belief, Defendant Johnson West & Co. P.L.C. ("Johnson West") is a Minnesota professional liability corporation, which had a principal place of business at 332 Minnesota Street, St. Paul, Minnesota 55101.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over Defendants.

7. Venue is proper under 28 U.S.C. § 1391.

## BACKGROUND

### Johnson West and BGM

8. Johnson West was an accounting firm, which provided accounting and tax services to individuals and corporations. As a part of its services, Johnson West provided continuous advice on state and federal income tax requirements and responsibilities, and prepared and filed income tax returns for individuals and corporations.

9. BGM is an accounting firm, which provides accounting and tax services to individuals and corporations. As a part of its services, BGM provides continuous advice on state and federal income tax requirements and responsibilities, and prepares and files income tax returns for individuals and corporations. BGM holds itself out as experts in and having access to international tax experts.

10. Johnson West merged into BGM effective October 1, 2012. Johnson West and BGM did not disclose the merger publicly until December 18, 2012.

11. Clifford S. Lozinski ("Lozinski") was the longtime managing partner of Johnson West. Lozinski was also Miksic's primary certified public accountant ("CPA"), who assisted Miksic with his individual and corporate state and federal tax filings for over 20 years. Lozinski also provided general accounting and tax advice to Miksic throughout his representation. Lozinski provided regular advice to Miksic regarding a wide array of United States tax rights and responsibilities.

12. Parnell became the Managing Partner of Johnson West in 2006, and was named Chief Executive Officer of BGM after Johnson West merged into BGM. Upon information and belief, Edmunds was a Partner of Johnson West and later joined BGM, as a Principal.

13. Parnell and Edmunds are licensed Certified Public Accountants ("CPAs") and members in good standing with the Minnesota Board of Accountancy. Edmunds also holds an MBT degree, Business and Taxation, from the University of Minnesota.

14. Lozinski, Parnell, and Edmunds were responsible for advising Miksic on accounting and tax matters and filing income tax returns, inclusive of all related forms for tax years 2005 to 2013. At all times relevant hereto, Lozinski, Parnell, and Edmunds were agents of Defendants and were acting within the course and scope of their agency and employment.

**Parties' Relationship**

15. Cortec Corporation ("Cortec") is a Minnesota S-corporation with its principal executive office at 4119 White Bear Parkway, White Bear Lake, Minnesota 55110. Cortec is wholly owned by Miksic. Cortec's international business is substantial.

16. Miksic and Cortec retained Johnson West approximately 26 years ago to handle their accounting and tax needs. Miksic entered into an engagement agreement, pursuant to which Johnson West provided exclusive United States accounting and tax services to Miksic and

Cortec, including preparing income tax returns and related forms for both ("Engagement Agreement"). In return for Johnson West's provision of services, Miksic and Cortec paid fees.

17.   Miksic was educated in Zagreb, Croatia. Miksic has Croatian family and has run for Croatian public office. Miksic does not have any formal accounting training or certifications and relied on Johnson West's expertise and advice.

18.   Miksic relied exclusively on the CPAs and staff of Johnson West and BGM for United States tax advice. Miksic did not consult with any other CPA prior to the current Internal Revenue Service ("IRS") examination during the time Johnson West, or later BGM, were his tax accountants.

19.   On or about February 16, 1998, Miksic formed the "Rust Foundation," which is a Lichtenstein foundation. Unbeknownst to Miksic, the Rust Foundation is treated as a foreign trust for United States federal tax purposes and was required to annually file Forms 3520 and 3520A with the IRS.[1]

20.   Miksic holds various bank accounts in foreign countries. Holders of foreign bank accounts are required to file the Report of Foreign Bank and Financial Affairs ("FBAR").[1]

21.   Miksic owns various foreign companies, including EcoCortec and Cortec Hrvatska D.O.O. ("Cortec Croatia"). Owners of foreign corporations are required to file IRS Form 5471.[1]

22.   Johnson West and BGM were familiar with Miksic's ownership in EcoCortec and Cortec Croatia and were aware or should have been aware of Miksic's ownership of other foreign companies and foreign bank accounts.

---

[1] Collectively, Forms 3520, 3520A, 5471 and the FBAR are referred to as the "Delinquent Forms."

6712975v5

23.     Parnell was aware or should have been aware of Miksic's ownership of foreign companies and foreign bank accounts.

24.     Edmunds was aware or should have been aware of Miksic's ownership of foreign companies and foreign bank accounts.

25.     Johnson West, BGM, and more specifically, Parnell and Edmunds, were familiar with Cortec's financial documents, which contained information regarding Miksic's foreign bank accounts and foreign companies.

26.     Upon information and belief, sometime prior to filing Miksic's 2007 income tax returns, Lozinski resigned from his position at Johnson West. Upon Lozinski's resignation, he delegated responsibility over Miksic's general accounting and tax advice and services to Parnell.

27.     Parnell assumed the primary responsibility for providing general tax advice and services to Miksic when he took control of Johnson West's representation of Miksic and remained responsible for advising Miksic on tax requirements and filings. Parnell also prepared Miksic's income tax documents for the 2007 tax year. At the time Parnell assumed primary responsibility for Miksic's accounting and tax services, he had already been providing Miksic with accounting and tax services for approximately 15 years.

28.     When Parnell prepared and provided Miksic with 2007 income tax returns and documents, these returns and documents were incomplete, as they did not include the Delinquent Forms. Even though Parnell had knowledge of Miksic's foreign holdings, Parnell did not advise Miksic he was required to file the Delinquent Forms. Parnell's presentation of the incomplete tax returns, and documents for Miksic's signature explicitly represented that the tax returns and documents were true, correct and complete and accurate, when in fact, they were not.

29. Edmunds was responsible for preparing Miksic's 2008 and 2009 tax returns and documents. When Edmunds provided Miksic with his 2008 and 2009 income tax returns and documents, these returns were, at least, incomplete because they did not contain the Delinquent Forms. Edmunds did not advise Miksic he was required to file the Delinquent Forms. Edmunds' presentation of the incomplete tax returns and documents for Miksic's signature explicitly represented that the tax returns and documents were true, correct and complete, when in fact, they were not.

30. Johnson West did not rectify its failure to prepare and file the Delinquent Forms.

31. Johnson West and BGM were paid a combined fee in excess of $260,000.00 for accounting and tax services, including the preparation of tax returns and documents from 2007 to 2010.

**IRS Action**

32. On March 17, 2010, the IRS advised Cortec that it intended to audit Cortec's federal income tax returns for the years 2008, 2009, and 2010. A copy of the IRS's March 17, 2010 notice is attached as Exhibit A.

33. On January 27, 2011, the IRS, Large Business & International Division, issued to Miksic a "Failure to File Form 5471 Notice" for tax years 2007, 2008 and 2009 related to Miksic's ownership of EcoCortec. The notice was sent to Parnell pursuant to the "power of attorney or other authorization" on file with the IRS. The January 27, 2011 notice also levied a $10,000 penalty for each year Johnson West failed to prepare and file the Form 5471 on Miksic's behalf. A copy of the IRS's January 27, 2011 notice is attached as Exhibit B.

34. Johnson West prepared the delinquent Form 5471 in April 2011 for tax years 2007, 2008 and 2009 related to Miksic's ownership of EcoCortec.

35. On May 25, 2012, the IRS issued to Miksic a "Failure to File Form 5471 Notice" related to Miksic's ownership of Cortec Croatia. The May 25, 2012 notice also levied a $10,000 penalty for each year Johnson West failed to prepare and file the Form 5471 on Miksic's behalf. A copy of the IRS's May 25, 2012 notice is attached as Exhibit C.

36. The Delinquent Forms 5471 for tax years 2007, 2008 and 2009 related to Miksic's ownership of Cortec Croatia were filed on or about August 2012.

37. On May 18, 2012, the IRS advised Miksic that he was being penalized for Johnson West's failure to prepare and file Forms 3520 and 3520A reporting Miksic's connection to the Rust Foundation. A copy of the IRS' Letter is attached as Exhibit D.

38. Miksic's new CPA prepared and counsel for Miksic filed the delinquent Forms 3520/3520A related to his ownership of the Rust Foundation on or about August 2012.

39. On September 26, 2013, Parnell executed an affidavit in which he admitted negligence (the "Parnell Affidavit", attached hereto as Exhibit E). The Parnell Affidavit stated the following, in part:

> 4. Boris Miksic ("Miksic") is a client of our accounting firm. I have worked with Mr. Miksic and his businesses for over eighteen years, but I only had responsibility for review of his individual and corporate federal income tax returns for 2007. I had no reason to believe that his 2007 tax return, or any of his other tax returns that were prepared for him by others in our firm, were incomplete when they were originally filed.
>
> 5. In 2010, I learned that the IRS was going to audit Mr. Miksic's 2008 tax return based on correspondence from the IRS, dated December 16, 2010. On January 27, 2011, the IRS sent correspondence to Mr. Miksic indicating that he had failed to file form 5471 (for his ownership in Ecocortec) for 2007, 2008, and 2009. These omissions from the 2007, 2008, and 2009 tax returns that my firm prepared for Mr. Miksic were inadvertent and not intentional.
>
> 6. I was not aware that Mr. Miksic may have had any accounts at UBS until late 2009 or early 2010, when he supplied

7

> our firm with notices he had received from UBS A.G., dated March 27, 2009 and November 24, 2009, concerning the possible existence of a foreign account. We promptly arranged to forward the UBS notices to Mr. Miksic's attorneys, who then assumed all responsibility for any response or action concerning those notices.
>
> 7. On May 8, 2013, Corey Edmunds and I met separately with Special Agents from the Internal Revenue Service's Criminal Investigation Division, who provided us with a U.S. Grand Jury Subpoena that requested information concerning Mr. Miksic and his company, Cortec.
>
> 8. By the time of the May 8, meeting with the Special Agents, I had learned that a CPA formerly with our firm who had prepared the 2006 individual tax return for Mr. Miksic, had also prepared an FBAR filing in 2006. That employee left the firm in September 2007. During the May 8 meeting, the Special Agents asked me why FBARs were not prepared for later years. I told them that it was my understanding that the 2006 FBAR had not been archived in our firm's electronic storage system and, thus, was overlooked in years after 2006.
>
> 9. During our May 8 meeting with the Special Agents, they also asked if I had ever asked Mr. Miksic if he had any personally owned foreign accounts. I told them that I had not done so. They seemed surprised by my answer, and asked me why I didn't ask him if he had any foreign accounts. I replied that I had no recollection of having been aware of any information that would have lead me to ask him about any such foreign accounts.

40. The Parnell Affidavit admits Parnell's failure to ask sufficient questions related to Miksic's personal ownership of foreign bank accounts as is required by Circular 230. Circular 230 provides the rules that govern the ability to practice before the IRS. The Parnell Affidavit admits Parnell's failure to prepare and file complete and proper tax returns and documents.

41. On September 26, 2013, Edmunds executed an affidavit in which he admitted negligence (the "Edmunds Affidavit", attached hereto as Exhibit F). The Edmunds Affidavit admits Edmunds' failure to prepare and file complete and proper tax returns and documents. The Edmunds Affidavit stated the following, in part:

4. Boris Miksic ("Miksic") is a client of our firm who I began to provide services for in 2008. Since then, I have had responsibility for reviewing the individual and corporate federal income tax returns that were prepared by the firm for Miksic and his entities. I had no reason to believe that any of those returns were incomplete or were improperly prepared when they were originally filed.

5. In 2010, we learned that the IRS was going to audit Mr. Miksic's 2008 tax return, based on correspondence from the IRS, dated December 16, 2010. On January 27, 2011, the IRS sent Mr. Miksic correspondence indicating that he had failed to file a form 5471 for 2007, 2008 and 2009, for his ownership in Ecocortec. Upon receiving this correspondence, I reviewed the 5471 instructions, determined that Mr. Miksic had a form 5471 filing obligation and immediately completed a form 5471 for each year in question. In a letter dated April 11, 2011, I wrote a reasonable cause explanation to the IRS in order to have the penalties abated.

6. It was not until we were involved in the Cortec audit, during 2011, that I became fully aware that Mr. Miksic had 100% ownership in Ecocortec, a Croatian entity.

7. In addition, it was not until after the IRS began its audit of Mr. Miksic's 2008 tax return, that I became aware that Mr. Miksic had any bank accounts in Croatia. I first became aware that he did when I reviewed the paper files kept by our firm for 2006, and saw a Foreign Bank and Financial Account ("FBAR") form that disclosed the Croatian bank account

8. The failure to file FBARs and forms 5471 with Mr. Miksic's 2007-2010 individual tax returns was the responsibility of our CPA firm and was inadvertent and unintentional on our part.

[sic]

10. On or about May 8, 2013, Cory Parnell and I met with Special Agents from the Internal Revenue Service's Criminal Investigation Division who provided us with a U.S. Grand Jury Subpoena related to Boris Miksic and his company, Cortec.

11. When the Special Agents of the Internal Revenue Service asked me why FBARs were not prepared for years subsequent to 2006, I replied that the 2006 FBAR had not been archived in our firm's electronic storage system and was overlooked when due. In addition, FBAR reporting is a separate

> filing from the income tax return and is typically completed in June following the income tax filing. Unfortunately, we did not have a due date tracking system in place at that time to make sure all required FBARs were filed despite having filed one in 2006.
>
> 12. During my meeting with the IRS Special Agents, they asked me if I had ever discussed foreign bank accounts with Miksic. I told the Special Agents that I had no communications with Mr. Miksic during the preparation of any of his tax returns. They also asked me why, on Part III of the Form 1040 Schedule Bs for the 2007-2011 tax returns, the question inquiring into the existence of foreign accounts was marked "no," I replied that questions on the return calling for a "yes/no" response defaulted to "no" if they were not specifically addressed by the preparer.

42. Miksic was unaware of the foreign asset reporting requirements. Defendants represented to Miksic that they would assist him in curing the errors raised by the IRS.

43. On February 4, 2014, the IRS denied Miksic's requests to abate the penalties related to the Delinquent Forms.

44. On February 4, 2014, the IRS levied penalties against Miksic for Johnson West's failure to file the two sets of Forms 5471 totaling $60,000, exclusive of interest. A copy of the February 4, 2014 penalties notice is attached as Exhibit G.

45. On February 4, 2014, the IRS levied penalties against Miksic totaling $408,893.10 for Johnson West's failure to file Forms 3520, exclusive of interest. A copy of the February 4, 2014 penalties notice is attached as Exhibit H.

46. On February 4, 2014, the IRS levied penalties against Miksic totaling $130,164.55 for Johnson West's failure to file Forms 3520A, exclusive of interest. A copy of the February 4, 2014 penalties notice is attached as Exhibit I.

47. The IRS has not abated any penalties and, instead, has denied Miksic's requests for abatement.

48. On October 1, 2014, the IRS issued its final notice of intent to levy for $609,305.30. A copy of the October 1, 2014 notice is attached as Exhibit J.

49. On October 2, 2014, the IRS filed a Federal Tax Lien against Plaintiff, which has since been withdrawn.

50. On November 26, 2014, the IRS assessed additional taxes, penalties and interest. A copy of that notice is attached as Exhibit K.

51. As a result of Defendants' errors: Miksic was required to change accountants and to retain legal counsel to respond to the IRS's various inquiries and audit, at significant cost. Miksic was also required to expend significant sums of money for accounting and tax services to respond to the IRS's various inquires and audit. The Federal Tax Lien caused Miksic significant damage. Miksic paid the IRS $609,305.30 for taxes, penalties and interest.

52. Defendants made income tax errors, which resulted in increased tax liabilities, penalties and interest for Miksic.

## CAUSES OF ACTION

### COUNT 1 – ACCOUNTING MALPRACTICE

53. Miksic restates and realleges the preceding paragraphs as though fully set forth herein.

54. Johnson West and, later, BGM, and Parnell and Edmunds formed an accountant-client relationship and provided accounting advice, services and representation for Miksic by, among other things, providing tax and accounting advice on a continuous basis and preparing and filing Miksic's tax returns.

55. As Miksic's accountants, Johnson West and BGM and Parnell and Edmunds had a duty to adhere to the appropriate standard of care for an accountant in Minnesota. Such a duty includes providing sound and accurate accounting and tax advice, gathering sufficient

11

information to determine Miksic's tax liability, and preparing and filing legally-required income tax documents. Such a duty also includes keeping Miksic continuously apprised of his reporting responsibilities.

56.   Defendants, Parnell and Edmunds breached their duty of care to Miksic and deviated from the standard of care owed Miksic by in, *inter alia*:

   a. Failing to gather sufficient information to identify, prepare and file the legally-required forms for Miksic's income tax returns;

   b. Failing to advise Miksic on relevant tax laws, and regulations regarding income tax preparation, filing and disclosure requirements;

   c. Failing to prepare and file legally-required income tax and reporting documents and forms;

   d. Failing to timely detect and correct errors in their preparation of Miksic's income tax and reporting documents and forms;

   e. Failing to conduct further inquiry into Miksic's foreign holdings after receiving the IRS's audit notice to Miksic on March 17, 2010;

   f. Failing to conduct further inquiry into Miksic's foreign holdings after receiving the IRS's January 27, 2011 notice regarding Johnson West's failure to file a Form 5471 related to Miksic's ownership interest in EcoCortec;

   g. Failing to conduct further inquiry into Miksic's foreign holdings after receiving the IRS's May 25, 2012 notice regarding Johnson West's failure to file a Form 5471 related to Miksic's ownership interest in Cortec Croatia;

  h. Failing to conduct further inquiry into Miksic's foreign holdings after receiving the IRS's Letter 3084 in the Summer of 2012 regarding Johnson West's failure to file a Forms 3520/3520A;

  i. Continuing to engage in a pattern of inadequately, inaccurately, and negligently advising Miksic regarding Miksic's tax and reporting requirements; and

  j. Otherwise failing to comply with Circular 230.

57. Defendants, Parnell and Edmunds breached their duty to comply and did not comply with the American Institute of Certified Public Accountants ("AICPA") Professional Standards and the AICPA Code of Professional Conduct in accordance with Minnesota Rules, Chapter 1105. But for the breaches of the applicable standard of care and Minnesota Rules Chapter 1105 by Defendants, Parnell, and Edmunds, Miksic would not have been damaged by, *inter alia*:

  a. Incurring legal fees associated with responding to the IRS's inquiries and audits;

  b. Incurring IRS penalties, interest, late charges, and other fees and expenses associated with the IRS's examination;

  c. Significant personal and business disruption associated with responding to the IRS's inquiries and audits;

  d. Having an IRS Federal Tax Lien placed on his property and record; and

  e. Legal fees and costs associated with pursuing these claims.

58. As a direct and proximate result of the malpractice by Defendants, Parnell, and Edmunds, Miksic has incurred damages exceeding $50,000, at an amount to be determined at trial.

## COUNT 2 – BREACH OF CONTRACT

59. Miksic restates and realleges the preceding paragraphs as though fully set forth herein.

60. The Engagement Agreement is a valid and binding contract.

61. Miksic has performed all of his obligations under the Engagement Agreement.

62. By its actions and inactions described herein, Defendants have materially breached their obligations under the agreement with Miksic.

63. Specifically, the failure of Defendants, Parnell and Edmunds, to provide sound, compliant accounting and tax advice and services on a continuing basis, which subjected Miksic to significant tax liability, was a breach of Defendants' contractual duties under the agreement with Miksic. Likewise, Defendants' failure to file correct tax forms and documents on Miksic's behalf was a breach of Defendants' contractual duties.

64. Defendants' breaches of the Engagement Agreement are material.

65. As a direct and proximate result of Defendants' breaches, Miksic has suffered and continues to suffer, damages.

66. Miksic requests that the Court enter an Order (a) finding that Defendants have materially breached its obligations under the Engagement Agreement with Miksic and (b) awarding damages in favor of Miksic and against Defendants, jointly and severally, in the amount exceeding $50,000, and accrued pre- and post-judgment interest and additional charges.

## COUNT 3 – UNJUST ENRICHMENT

67. Miksic restates and realleges the preceding paragraphs as though fully set forth herein.

68. Miksic and Cortec paid Defendants a fee for Defendants' continuous provision of accounting and tax advice and for Defendants' preparation of income tax returns.

69. Defendants retained the fees Miksic and Cortec paid for Defendants' accounting and tax advice and for the preparation of income tax returns.

70. Defendants' improper tax advice and failure to prepare and file legally-required tax returns and documents makes Defendants' retention of fees unjust and inequitable.

71. As a direct, foreseeable and proximate result of Defendants' actions and inactions described herein, Miksic has incurred damages exceeding $50,000, at an amount to be determined at trial.

## COUNT 4 – NEGLIGENT MISREPRESENTATION

72. Miksic restates and realleges the preceding paragraphs as though fully set forth herein.

73. Defendants, Parnell, and Edmunds, in the course of their business, profession, and employment, repeatedly made representations as to Miksic's tax liability and responsibilities. Defendants, Parnell, and Edmunds also prepared and presented Miksic with income tax returns, each of which represented that each tax return complied with the Internal Revenue Code and IRS Regulations fully.

74. Representations by Defendants, Parnell, and Edmunds that each of the tax returns complied with the Internal Revenue Code and IRS Regulations fully was a false representation.

75. Defendants, Parnell, and Edmunds failed to exercise reasonable care, due professional care, and professional competence in making these false and negligent representations.

6712975v5

76. Miksic justifiably relied, to his detriment, on the negligent misrepresentations and omissions of Defendants, Parnell, and Edmunds.

77. As a direct and proximate result of the negligent misrepresentations and omissions by Defendants, Parnell, and Edmunds, Miksic has incurred damages exceeding $50,000, at an amount to be determined at trial.

### COUNT 6 – BREACH OF FIDUCIARY DUTY

78. Miksic restates and realleges the preceding paragraphs as though fully set forth herein.

79. Defendants, Parnell, and Edmunds, as accounting and tax professionals with a heightened knowledge and expertise, are in a relationship of trust with Miksic. Miksic had no formal training or education regarding tax matters, especially international tax matters, and relied on the expertise of Defendants, Parnell, and Edmunds for business, tax and accounting matters for over 20 years. Defendants and Parnell were granted a Power of Attorney by Miksic, which imposed upon Defendants, Parnell, and Edmunds statutory and common law obligations and duties. The expertise of Defendants, Parnell, and Edmunds, and relationship of trust with Miksic conferred upon Defendants, Parnell, and Edmunds a fiduciary duty.

80. The repeated failure of Defendants, Parnell, and Edmunds to correctly and completely advise Miksic as to their tax responsibilities and liability and to prepare and file tax returns and documents that were true, correct and complete exposed Miksic to significant liability and proximately caused Miksic to retain counsel to respond to IRS inquiries. The failure to of Defendants, Parnell, and Edmunds to appropriately advise Miksic and failure of Defendants, Parnell, and Edmunds to prepare and file legally-required tax documents constituted a breach of their fiduciary duty to Miksic.

6712975v5

81. In committing their breach of fiduciary duty as alleged herein, Defendants, Parnell, and Edmunds acted with disregard for Miksic's interests.

82. As a result of the breach of fiduciary duty and disregard for Miksic's interests by Defendants, Parnell, and Edmunds, Miksic has suffered damages in excess of $50,000, at an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Miksic respectfully request that the Court enter judgment as follows:

1. Judgment against Defendants and in favor of Miksic in the amount proven at trial.

2. An award against Defendants for the costs, disbursements and attorney fees incurred by Miksic in bringing this action

3. For such other and further relief as the Court deems just, appropriate and equitable.

Dated: February 18, 2015

**BRIGGS AND MORGAN, P.A.**

By: _____
Gregory J. Stenmoe (#131155)
Britt M. Gilbertson (#034977X)
Michael M. Sawers (#392437)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2157
(612) 977-8400

**ATTORNEYS FOR BORIS A. MIKSIC**

6712975v5

## VERIFICATION

STATE OF MINNESOTA )
                                ) ss.
COUNTY OF Anoka )

      I, Boris A. Miksic, have read the contents of the above Verified Complaint. Based on my personal knowledge, the facts stated therein are true, excepting those facts which are stated upon information and belief. Based upon reliable information, I believe that the facts stated upon information and belief are true.

                                                         Boris A. Miksic

Subscribed and sworn to before me
this 11th day of February, 2015


Notary Public

ANGELA MAE MCGILLIVRAY
Notary Public-Minnesota
My Commission Expires Jan 31, 2020

6712975v5