# EXHIBIT A

**Internal Revenue Service**
**Large and Mid-Size Business**

Date: March 17, 2010

**Department of the Treasury**
1550 American Blvd. East
Suite 500, M/S 4251
Bloomington, MN 55425

Taxpayer Identification Number:

Form:
  1120S
Tax Period(s):
  200810
Person to Contact:
  Clarissa Vue
Contact Telephone Number:
  651-726-1403
Contact Fax Number:
  651-726-1527
Employee Identification Number:

REDACTED

Cortec Corporation
4119 White Bear Parkway
White Bear Lake, MN 55110

Dear Cortec Corporation:

Your federal return for the period(s) shown above has been selected for examination.

**What You Need To Do**

Please call me on or before March 31, 2010       . I can be contacted from 7:00 AM    to 3:30 PM    at the contact telephone number provided above.

During our telephone conversation, we will talk about the items I'll be examining on your return, the types of documentation I will ask you to provide, the examination process, and any concerns or questions you may have. We will also set the date, time, and agenda for our first meeting.

**Someone May Represent You**

You may have someone represent you during any part of this examination. If you want someone to represent you, please provide me with a completed Form 2848, *Power of Attorney and Declaration of Representative*, at our first appointment.

If you prefer, you may mail or fax the form to me prior to our first appointment. You can get this form from our office, or from our web site www.irs.gov, or by calling 1-800-829-3676. If you decide that you wish to get representation after the examination has started, we will delay further examination activity until you can secure representation.

Letter 2205 (Rev. 10-2005)
Catalog Number 63744P

**Your Rights As A Taxpayer**

We have enclosed Publication 1, *Your Rights as a Taxpayer*, and Notice 609, *Privacy Act Notice*. We encourage you to read the Declaration of Taxpayer Rights found in Publication 1. This publication discusses general rules and procedures we follow in examinations. It explains what happens before, during, and after an examination, and provides additional sources of information.

Thank you for your cooperation and I look forward to hearing from you by March 31, 2010.

Sincerely,

*Clarissa Vue*

Clarissa Vue
Internal Revenue Agent

Enclosure:
Publication 1
Notice 609

Letter 2205 (Rev. 10-2005)
Catalog Number 63744P



**IRS**

Department of the Treasury
Internal Revenue Service

**Publication 1**
(Rev. May 2005)
Catalog Number 64731W
www.irs.gov

# Your Rights as a Taxpayer

*The first part of this publication explains some of your most important rights as a taxpayer. The second part explains the examination, appeal, collection, and refund processes. This publication is also available in Spanish.*

## THE IRS MISSION

*PROVIDE AMERICA'S TAXPAYERS TOP QUALITY SERVICE BY HELPING THEM UNDERSTAND AND MEET THEIR TAX RESPONSIBILITIES AND BY APPLYING THE TAX LAW WITH INTEGRITY AND FAIRNESS TO ALL.*

## Declaration of Taxpayer Rights

### I. Protection of Your Rights

IRS employees will explain and protect your rights as a taxpayer throughout your contact with us.

### II. Privacy and Confidentiality

The IRS will not disclose to anyone the information you give us, except as authorized by law. You have the right to know why we are asking you for information, how we will use it, and what happens if you do not provide requested information.

### III. Professional and Courteous Service

If you believe that an IRS employee has not treated you in a professional, fair, and courteous manner, you should tell that employee's supervisor. If the supervisor's response is not satisfactory, you should write to the IRS director for your area or the center where you file your return.

### IV. Representation

You may either represent yourself or, with proper written authorization, have someone else represent you in your place. Your representative must be a person allowed to practice before the IRS, such as an attorney, certified public accountant, or enrolled agent. If you are in an interview and ask to consult such a person, then we must stop and reschedule the interview in most cases.

You can have someone accompany you at an interview. You may make sound recordings of any meetings with our examination, appeal, or collection personnel, provided you tell us in writing 10 days before the meeting.

### V. Payment of Only the Correct Amount of Tax

You are responsible for paying only the correct amount of tax due under the law—no more, no less. If you cannot pay all of your tax when it is due, you may be able to make monthly installment payments.

### VI. Help With Unresolved Tax Problems

The Taxpayer Advocate Service can help you if you have tried unsuccessfully to resolve a problem with the IRS. Your local Taxpayer Advocate can offer you special help if you have a significant hardship as a result of a tax problem. For more information, call toll free 1–877–777–4778 (1–800–829–4059 for TTY/TDD) or write to the Taxpayer Advocate at the IRS office that last contacted you.

### VII. Appeals and Judicial Review

If you disagree with us about the amount of your tax liability or certain collection actions, you have the right to ask the Appeals Office to review your case. You may also ask a court to review your case.

### VIII. Relief From Certain Penalties and Interest

The IRS will waive penalties when allowed by law if you can show you acted reasonably and in good faith or relied on the incorrect advice of an IRS employee. We will waive interest that is the result of certain errors or delays caused by an IRS employee.



**Department of the Treasury**
**Internal Revenue Service**

## Notice 609
(Rev. September 2009)

### Privacy Act Notice

The Privacy Act of 1974 says that when we ask you for information about yourself, we must first tell you our legal right to ask for the information, why we are asking for it, and how it will be used. We must also tell you what could happen if you do not provide it and whether or not you must respond under the law.

This notice applies to tax returns and any papers filed with them. It also applies to any questions we need to ask you so we can complete, correct, or process your return; figure your tax; and collect tax, interest, or penalties. We ask for information to carry out the U.S. tax laws. We need the information to figure and collect the right amount of tax.

Our legal right to ask for information is found in Internal Revenue Code sections 6001, 6011, and 6012 and their regulations. They say that you must file a return or statement with us for any tax you are liable for. Your response is mandatory under these sections. Sections 7601–7613 authorize us to examine books and records and ask questions to obtain information we need. Section 6109 and its regulations say that you must show your social security number, employee identification number, or individual taxpayer identification number on what you file. This is so we know who you are and can process your return and other papers. Section 6109 also requires paid return preparers to provide their identifying numbers on the return.

We may give the information to the Department of Justice to enforce the federal civil and criminal tax laws, and to other federal agencies as provided by law. We may also give it to cities, states, the District of Columbia, and to U.S. commonwealths or possessions to carry out their tax laws. We may give it to certain foreign

Notice **609** (9-2009)
Cat. No. 45963A

# EXHIBIT B

**Internal Revenue Service**
**Large Business & International Division**

**Department of the Treasury**
1550 American Blvd. East
Suite 500, M/S 4251
Bloomington, MN 55425

Date: January 27, 2011

Taxpayer Name:
Boris A Miksic

Taxpayer Identification Number:

REDACTED

Form Number:
1040

Year(s):
200712, 200812 & 200912

Person to Contact/ID Number:
Clarissa Vue/0208165

Cory M Parnell
332 Minnesota Street
Suite E-1100
St. Paul, MN 55101

Contact Telephone Number:
651-726-1403

Contact Fax Number:
651-726-1527

Dear Cory M Parnell:

We are sending the enclosed material under the provisions of your power of attorney or other authorization we have on file. For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

*Clarissa Vue*

Clarissa Vue
Internal Revenue Agent

Enclosures:
☒ Letter(s)
☐ Report(s)
☐ Copy of Determination Letter
☐ Other

**Letter 937 (Rev. 11-2006)**
Catalog Number 30760X

## Failure to File Form 5471

**Internal Revenue Service**

Director, Field Operations

**Department of the Treasury**

Boris A. Miksic
645 Halyard Lane
Long Boat Key, FL  34228

Person to Contact: Clarissa Vue

Telephone Number: 651-726-1403

Refer Reply to: Clarissa Vue

Date: January 27, 2011

Sir or Madam:

This is to notify you that you failed to file a complete separate annual information return on Form 5471 (including all required schedules), or the Form 5471 that you did file was substantially incomplete with respect to **ECO Cortec d.o.o (Croatia)** for the taxable year(s) ending December 31, 2007, December 31, 2008 and December 31, 2009.  Form 5471 is an Information Return of a U.S. Person With Respect to Certain Foreign Corporations required by IRC Section 6038(a).

A penalty of $10,000 per failure will be imposed for the taxable year(s) ending December 31, 2007, December 31, 2008 and December 31, 2009 under IRC Section 6038(b).  If you fail to file the information return within 90 days after the date of this notice, an additional $10,000 penalty will be imposed for each 30-day period (or fraction thereof) until the complete Form 5471 has been filed, but in an amount not to exceed $50,000.  The penalty is applicable to each year of failure.

Your failure puts you at risk for a penalty in the form of an adjustment that reduces your foreign tax credit under IRC Section 6038(c) for the tax year(s) listed above.  The foreign tax credit reduction is reflected in the notice of deficiency for each year of failure.  If reasonable cause exists for failure to furnish the information, and you believe this penalty should not be imposed, you are directed to the provisions of Treasury Regulation 1.6038-2(k)(3).

In addition, according to IRC Section 6501(c)(8), the Statute of Limitations for any items related to the failure to file will not expire until three years from the date that a complete and accurate Form 5471 is received.

If you have any questions, you may contact the person named above.

Sincerely yours,

*clarissa vue*

**Clarissa Vue**
**Internal Revenue Agent**

# EXHIBIT C

# Failure to File Form 5471

**Internal Revenue Service**

Director, Field Operations

Boris A. Miksic
645 Halyard Lane
Long Boat Key, FL 34228

**Department of the Treasury**

Person to Contact: Clarissa Vue

Telephone Number: 651-726-1403

Refer Reply to: Clarissa Vue

Date: May 25, 2012

Sir or Madam:

This is to notify you that you failed to file a complete separate annual information return on Form 5471 (including all required schedules), or the Form 5471 that you did file was substantially incomplete with respect to **Cortec Hrvatska D.O.O. (Croatia)** for the taxable year(s) ending December 31, 2007, December 31, 2008 and December 31, 2009. Form 5471 is an Information Return of a U.S. Person With Respect to Certain Foreign Corporations required by IRC Section 6038(a).

A penalty of $10,000 per failure will be imposed for the taxable year(s) ending December 31, 2007, December 31, 2008 and December 31, 2009 under IRC Section 6038(b). If you fail to file the information return within 90 days after the date of this notice, an additional $10,000 penalty will be imposed for each 30-day period (or fraction thereof) until the complete Form 5471 has been filed, but in an amount not to exceed $50,000. The penalty is applicable to each year of failure.

Your failure puts you at risk for a penalty in the form of an adjustment that reduces your foreign tax credit under IRC Section 6038(c) for the tax year(s) listed above. The foreign tax credit reduction is reflected in the notice of deficiency for each year of failure. If reasonable cause exists for failure to furnish the information, and you believe this penalty should not be imposed, you are directed to the provisions of Treasury Regulation 1.6038-2(k)(3).

In addition, according to IRC Section 6501(c)(8), the Statute of Limitations for any items related to the failure to file will not expire until three years from the date that a complete and accurate Form 5471 is received.

If you have any questions, you may contact the person named above.

Sincerely yours,

*clarissa vue*

**Clarissa Vue**
**Internal Revenue Agent**

# EXHIBIT D

**Internal Revenue Service**
**Large Business & International Division**
1550 American Blvd. East, Suite 500, M/S 4251
Bloomington, MN 55425

**Department of the Treasury**

Date:
May 18, 2012

Taxpayer Identification Number:

Boris A Miksic
645 Halyard Lane
Long Boat Key, FL 34228

IRS Contact Information:
Clarissa Vue
1550 American Blvd. East
Suite 500, M/S 4251
Bloomington, MN 55425
Telephone Number:
651-726-1403

Fax Number:
651-726-1527

IRS Employee ID Number:

**REDACTED**

CERTIFIED MAIL

Respond by:
August 20, 2012

Dear Boris A Miksic:

**Why We Are Writing to You**
You are required to timely file a complete and accurate Form 3520 and/or Form 3520-A, because our information shows you created or had transactions with Rust Foundation            . Our records show you failed to file the complete and accurate return(s) shown below. This letter is your notice that we will charge you an Initial Penalty. We will also charge an additional Continuing Penalty, if you do not submit complete and accurate return(s) within 90 days from the date of this letter.

| Returns | Taxable Year(s) |
|---|---|
| Form 3520, *Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts* | 2005 - 2008 |
| Form 3520-A, *Annual Information Return of Foreign Trust With a U.S. Owner* | 2005 - 2008 |

**What Are These Penalties**
Based on Internal Revenue Code (IRC) section 6677, we can charge you two types of penalties for each return and each taxable year:

1. **Initial Penalty** - We will charge this penalty because you did not file complete and accurate return(s) by the due date. How we calculate the penalty depends on the type of return and the *gross reportable amount*. See the table on the next page for an explanation. You can find a definition of *gross reportable amount* in the Frequently Asked Questions.

2. **Continuing Penalty** - This penalty begins the day after August 20, 2012    unless you have submitted complete and accurate return(s). We will charge this penalty of $10,000 every 30 days until you submit your complete and accurate return(s) or until the total amount of penalties assessed equals the total gross reportable amount.

**Letter 3804 (Rev. 4-2008)**
Catalog Number 37410G

| Required Returns | Penalty (IRC section 6677) | How We Calculate the Penalty |
|---|---|---|
| Form 3520 | Initial | 35% of gross reportable amount |
|  | Continuing | $10,000 every 30 days until gross reportable amount reached |
| Form 3520-A | Initial | 5% of gross reportable amount |
|  | Continuing | $10,000 every 30 days until gross reportable amount reached |

**What Do You Need To Do**

1. You must submit complete and accurate return(s) by August 20, 2012 . See the IRS contact information on page 1 for addressing your response.

2. If you can show reasonable cause for not filing a complete and accurate return by the original due date, we may be able to remove these penalties. See Frequently Asked Questions for more information.

3. If you want someone to represent you in this specific matter, have the representative submit a completed Form 2848, *Power of Attorney and Declaration of Representative,* which addresses the civil penalties under IRC section 6677. See Frequently Asked Questions for more information.

If you require additional information not covered in the Frequently Asked Questions, you may contact the person listed on page 1 of this letter. However, contacting us will not extend your time to submit complete and accurate return(s). You must file your return(s) by August 20, 2012 to prevent additional Continuing Penalties. Thank you for your cooperation.

Sincerely yours,

Jessica R. Samuel
Group Manager

Enclosures:
Publication 1, *Your Rights as a Taxpayer*
Notice 609, *Privacy Act and Paperwork Reduction Act Notice*

**Letter 3804 (Rev. 4-2008)**
Catalog Number 37410G

# Frequently Asked Questions

## Filing Related Questions

| | |
|---|---|
| **How does IRS know I need to file a return?** | We have information that you, a U.S. person, created or had transactions with a foreign trust. You should have filed complete and accurate return(s) to report such transaction(s). |
| **What is a U.S. person?** | Generally, the term U.S. person means:<br>• a citizen or resident of the U.S.<br>• a domestic partnership<br>• a domestic corporation<br>• any estate that is not a foreign estate<br>• any trust that is not a foreign trust<br>(Internal Revenue Code section 7701(a)(30)) |
| **Who needs to file Form 3520?** | Generally, a U.S. Person who:<br>• creates a foreign trust,<br>• transfers money or property, directly or indirectly, to a foreign trust, or<br>• receives, directly or indirectly, any distribution from a foreign trust.<br>(Internal Revenue Code sections 6048(a) and (c)) |
| **Who is responsible for filing Form 3520-A?** | Generally, a U.S. person who is treated as the owner of any portion of a foreign trust under the grantor trust rules must ensure that the foreign trust files a complete and accurate annual return on time with the IRS.<br>(Internal Revenue Code section 6048(b))<br><br>See Internal Revenue Code sections 671 through 679 for grantor trust rules. |
| **What is gross reportable amount?** | The gross reportable amount reported on Form 3520 is:<br>• the gross value of the money or property transferred, valued at the date of the transfer and/or<br>• the gross amount of the money or property received, including the aggregate amount of distributions received from such trust in that taxable year, valued at the date of receipt.<br><br>The gross reportable amount reported on Form 3520-A is:<br>• the gross value of the portion of the trust's assets at the close of the year which the U.S. person is treated as owning.<br><br>We use the gross reportable amount to determine the amount of the initial penalty, as well as the limitation on the continuing penalty for failing to file complete and accurate Forms 3520 and/or 3520-A.<br>(Internal Revenue Code section 6677(c)) |

**Letter 3804 (Rev. 4-2008)**
Catalog Number 37410G

## Frequently Asked Questions, *continued*

### Reasonable Cause-Related Questions

| | |
|---|---|
| **What is reasonable cause?** | We generally grant reasonable cause relief when you show that you made reasonable efforts to fulfill your filing obligations. You must also show that you exercised ordinary business care and prudence to determine your filing obligations; nevertheless, you were unable to comply with those obligations. |
| **What is *not* reasonable cause?** | Generally, you will not have reasonable cause merely because:<br>• A foreign country would impose penalties on you for disclosing the required information.<br>• A foreign trustee refuses to provide information for any other reason, including difficulty in producing the required information or provisions in the trust instrument that prevent the disclosure of required information.<br>• You relied on another person to file returns. It is your responsibility to ensure that all returns are filed timely and accurately. |
| **How do I prepare a signed written statement for reasonable cause?** | The statement you submit to describe reasonable cause can be as comprehensive as you desire. Each fact and circumstance should include details such as specific dates, names of people who knew about the transactions, and any monetary amounts. You can attach any exhibits or documents that support your statement. You may want to consider these questions when preparing your statement:<br><br>• Who advised you about transactions with the foreign trust?<br>• What prior knowledge and business experience did you have with foreign trusts before these transactions?<br>• What was the purpose for this foreign trust?<br>• What efforts did you make to learn about your filing requirements and tax obligations for financial transactions to and from this foreign trust?<br>• If you had an advisor, what did they tell you about the filing requirements and tax obligations for financial transactions to and from this foreign trust?<br>• What unanticipated event caused the delay or non-filing?<br>• What other facts or circumstances prevented you from meeting your filing obligations?<br><br>At the end of your statement, you must include the following declaration and sign below it:<br><br>**"Under penalties of perjury, I declare that I have examined the facts written in this statement, including any accompanying document(s), and to the best of my knowledge and belief, the statement and any accompanying document(s) are true, correct, and complete."**<br><br>(If your representative prepared and signed the statement for you he or she must substitute a declaration stating: 1) that he or she submitted the statement and accompanying documents; and 2) whether he or she knows personally that the facts as written and accompanying documents are true, correct, and complete.) |

4

**Letter 3804 (Rev. 4-2008)**
Catalog Number 37410G

## Frequently Asked Questions, *continued*

### Reasonable Cause-Related Questions, *continued*

| | |
|---|---|
| How do I prepare a signed written statement for reasonable cause? *(continued)* | **Complete and accurate return(s) must be submitted, if required, for reasonable cause to be considered.**<br><br>Mail or fax your signed statement and all supporting documents to the IRS employee who sent this letter. See the IRS contact information on page 1. |

### Miscellaneous Questions

| | |
|---|---|
| What special information needs to be on the Power of Attorney for this civil penalty case? | Follow these instructions.<br>1. Have your representative use the instructions for Form 2848 to complete the form.<br>2. For line 3 have your representative complete the following:<br>   a. Enter "Civil Penalties" in the Type of Tax column. (A specific penalty does not have to be identified.)<br>   b. List all Taxable Year(s) as shown on page 1 of this letter in the Year(s) or Period(s) column.<br>   c. Enter "Not Applicable" in the other column.<br>3. You or your representative must mail or fax the completed and signed Form 2848 to the IRS employee who sent this letter. See the IRS contact information on page 1 of this letter. |
| Where can I get additional information? | You can find forms, instructions, Internal Revenue Code sections, and more at www.irs.gov. |

**Letter 3804 (Rev. 4-2008)**
Catalog Number 37410G

# EXHIBIT E

## AFFIDAVIT OF CORY M. PARNELL

STATE OF MINNESOTA    )
                                            )    ss
COUNTY OF RAMSEY    )

BEFORE ME, the undersigned authority, duly authorized to take oaths in this state and county, this day personally appeared Cory M. Parnell, who, after being first duly sworn, deposes and says:

1.    I am over 18 years of age and a resident of Ramsey County, Minnesota.

2.    I obtained my license as a certified public accountant in 1989 and have over 24 years of experience as a certified public account. My CPA license is in good standing with the Minnesota Board of Accountancy. I am a member in good standing of the Minnesota Society of CPAs and the American Institute of CPAs.

3.    Currently, I am the CEO of Boeckermann Grafstrom Mayer ("BGM"). Prior to serving in that capacity, I was the Managing Member of Johnson, West & Co. PLC, which recently merged into BGM.

4.    Boris Miksic ("Miksic") is a client of our accounting firm. I have worked with Mr. Miksic and his businesses for over eighteen years, but I only had responsibility for review of his individual and corporate federal income tax returns for 2007. I had no reason to believe that his 2007 tax return, or any of his other tax returns that were prepared for him by others in our firm, were incomplete when they were originally filed.

5.    In 2010, I learned that the IRS was going to audit Mr. Miksic's 2008 tax return based on correspondence from the IRS, dated December 16, 2010. On January 27, 2011, the IRS sent correspondence to Mr. Miksic indicating that he had failed to file form 5471 (for his ownership in Ecocortec) for 2007, 2008, and 2009. These omissions from the 2007, 2008, and 2009 tax returns that my firm prepared for Mr. Miksic were inadvertent and not intentional.

6.    I was not aware that Mr. Miksic may have had any accounts at UBS until late 2009 or early 2010, when he supplied our firm with notices he had received from UBS A.G., dated March 27, 2009 and November 24, 2009, concerning the possible existence of a foreign account. We promptly arranged to forward the UBS notices to Mr. Miksic's attorneys, who then assumed all responsibility for any response or action concerning those notices.

7.    On May 8, 2013, Corey Edmunds and I met separately with Special Agents from the Internal Revenue Service's Criminal Investigation Division, who provided us with a U.S. Grand Jury Subpoena that requested information concerning Mr. Miksic and his company, Cortec.

8.    By the time of the May 8, meeting with the Special Agents, I had learned that a CPA formerly with our firm who had prepared the 2006 individual tax return for Mr. Miksic, had

also prepared an FBAR filing in 2006. That employee left the firm in September 2007. During the May 8 meeting, the Special Agents asked me why FBARs were not prepared for later years. I told them that it was my understanding that the 2006 FBAR had not been archived in our firm's electronic storage system and, thus, was overlooked in years after 2006.

9.    During our May 8 meeting with the Special Agents, they also asked if I had ever asked Mr. Miksic if he had any personally owned foreign accounts. I told them that I had not done so. They seemed surprised by my answer, and asked me why I didn't ask him if he had any foreign accounts. I replied that I had no recollection of having been aware of any information that would have lead me to ask him about any such foreign accounts.

10.    The foregoing statements are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
CORY M. PARNELL

STATE OF MINNESOTA    )
                                          ) ss:
COUNTY OF RAMSEY    )

The foregoing instrument was subscribed and sworn to before me this 26 day of September, 2013, by Cory M. Parnell, who personally appeared before me and who is personally known to me

_____
Notary Public

KATHRYN JEAN SLOPER
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

2385284v4

2

# EXHIBIT F

<u>AFFIDAVIT OF COREY W. EDMUNDS</u>

STATE OF MINNESOTA    )
                      )    ss
COUNTY OF RAMSEY      )

BEFORE ME, the undersigned authority, duly authorized to take oaths in this state and county, this day personally appeared Corey W. Edmunds, who, after being first duly sworn, deposes and says:

1.    I am over 18 years of age and a resident of Washington County, Minnesota.

2.    I obtained my license as a certified public accountant in 1993 and have 20 years of experience as a certified public accountant. My CPA license is in good standing with the Minnesota Board of Accountancy. I am a member in good standing of the American Institute of Certified Public Accountants and the Minnesota Society of Certified Public Accountants.

3.    Currently, I am a Member of Boeckermann Grafstrom Mayer ("BGM"). Prior to that, I was a Member of Johnson, West & Co. PLC, which recently merged into BGM.

4.    Boris Miksic ("Miksic") is a client of our firm who I began to provide services for in 2008. Since then, I have had responsibility for reviewing the individual and corporate federal income tax returns that were prepared by the firm for Miksic and his entities. I had no reason to believe that any of those returns were incomplete or were improperly prepared when they were originally filed.

5.    In 2010, we learned that the IRS was going to audit Mr. Miksic's 2008 tax return, based on correspondence from the IRS, dated December 16, 2010. On January 27, 2011, the IRS sent Mr. Miksic correspondence indicating that he had failed to file a form 5471 for 2007, 2008 and 2009, for his ownership in Ecocortec. Upon receiving this correspondence, I reviewed the 5471 instructions, determined that Mr. Miksic had a form 5471 filing obligation and immediately completed a form 5471 for each year in question. In a letter dated April 11, 2011, I wrote a reasonable cause explanation to the IRS in order to have the penalties abated.

6.    It was not until we were involved in the Cortec audit, during 2011, that I became fully aware that Mr. Miksic had 100% ownership in Ecocortec, a Croatian entity.

7.    In addition, it was not until after the IRS began its audit of Mr. Miksic's 2008 tax return, that I became aware that Mr. Miksic had any bank accounts in Croatia. I first became aware that he did when I reviewed the paper files kept by our firm for 2006, and saw a Foreign Bank and Financial Account ("FBAR") form that disclosed the Croatian bank account

8.    The failure to file FBARs and forms 5471 with Mr. Miksic's 2007-2010 individual tax returns was the responsibility of our CPA firm and was inadvertent and unintentional on our part.

10.    On or about May 8, 2013, Cory Parnell and I met with Special Agents from the Internal Revenue Service's Criminal Investigation Division who provided us with a U.S. Grand Jury Subpoena related to Boris Miksic and his company, Cortec.

11.    When the Special Agents of the Internal Revenue Service asked me why FBARs were not prepared for years subsequent to 2006, I replied that the 2006 FBAR had not been archived in our firm's electronic storage system and was overlooked when due.  In addition, FBAR reporting is a separate filing from the income tax return and is typically completed in June following the income tax filing.  Unfortunately, we did not have a due date tracking system in place at that time to make sure all required FBARs were filed despite having filed one in 2006.

12.    During my meeting with the IRS Special Agents, they asked me if I had ever discussed foreign bank accounts with Miksic.  I told the Special Agents that I had no communications with Mr. Miksic during the preparation of any of his tax returns.  They also asked me why, on Part III of the Form 1040 Schedule Bs for the 2007-2011 tax returns, the question inquiring into the existence of foreign accounts was marked "no."  I replied that questions on the return calling for a "yes/no" response defaulted to "no" if they were not specifically addressed by the preparer.

13.    The foregoing statements are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
COREY W. EDMUNDS

STATE OF MINNESOTA    )
                                              )  ss:
COUNTY OF RAMSEY      )

The foregoing instrument was subscribed and sworn to before me this _26_ day of _September_, 2013, by Corey W. Edmunds, who personally appeared before me and who is personally known to me

_____
Notary Public

2385285v5

KATHRYN JEAN SLOPER
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

2

# EXHIBIT G

FEB-10-2014  17:08                                                          P.002



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**Washington, D.C. 20024**

LARGE BUSINESS & INTERNATIONAL

February 4, 2014

Boris Miksic
645 Halyard Lane
Long Boat Key, FL 34228

Contact:
Internal Revenue Service
Attn: Delvin Fischer
Suite 610 RFPH EG 1252 DF
6200 Shingle Creek Parkway
Brooklyn Center, MN  55430
Voice: (651)312-2174
Fax:   (651) 312-2209

**REDACTED**

RE:  2007 through 2009 5471 Exam          **Taxpayer Identification Number:**

Dear Mr. Miksic,

We reviewed the statements from your representatives that requested reasonable cause for non-filing of Forms 5471 for the years of 2007 through 2009 for the foreign entities of EcoCortec D.O.O. and Cortec Hrvatska D.O.O.   We found they do not establish reasonable cause.

The information submitted does not show you exercised due diligence.  You may delegate the duties of filing tax returns; however, it is your responsibility to ensure that all returns are timely and accurately filed.

You have fulfilled your Form 5471 filing obligations for the two entities listed above for the tax years 2007, 2008, and 2009; but you filed the returns late.  Therefore, we will assess Initial Penalties for each year as explained in the attached Form 886-A.

If you accept our decision, you should pay $60,000 by February 19, 2014.
Make your check payable to the **"U.S. Treasury"**.  Write your taxpayer identification number,  "civil penalties", and taxable years on the memo line of the check.  Mail your payment to the contact information listed above.

If you disagree with our decision, you may request a conference with the group manager.

If you plan to appeal, you can avoid future interest on these penalties by paying the $60,000.  Send your written request for Appeals consideration to the contact information listed above by February 19, 2014.  Visit www.irs.gov for more information; including Publication 5 *Your Appeal Rights and How to Prepare a Protest If You Don't Agree.* An Appeals employee will contact you.

**Note:** Interest will continue to accrue while the Appeals Officer considers your case, unless the penalties are paid in full.

Sincerely,

David Bosch
Group Manager

Enclosures:
Form 886-A

# EXHIBIT H

**Internal Revenue Service**
**Large Business & International**
6200 Shingle Creek Parkway
Brooklyn Center, MN 55430

**Department of the Treasury**

**Date:**
  February 4, 2014
**Taxpayer Identification Number:**

**IRS Contact Information:**
  Delvin Fischer
  Suite 610 EG 1252 DF
  6200 Shingle Creek Parkway
  Brooklyn Center, MN 55430
**Telephone Number:**
  (651) 312-2174
**Fax Number:**
  (651) 312-2209
**IRS Employee ID Number:**

Boris Miksic
645 Halyard Lane
Long Boat Key, FL 34228

REDACTED

**Respond by:**
  February 19, 2014

Dear Taxpayer:

**Why We Are Writing to You**
We received your statement for Rust Foundation                         dated August 21, 2012
and found that it does not establish reasonable cause.

The information submitted does not show you exercised due diligence.
You may delegate the duties of filing tax returns; however, it is your responsibility to ensure that all returns
are timely and accurately filed.

You have fulfilled your filing obligations for Rust Foundation, but you filed the returns late. Therefore, we
will assess the Initial Penalty as explained in our letter dated December 20, 2013.    (IRC Section 6677)

**What You Will Be Assessed**
The tables on page 3 show how we calculated the penalties for each return and each taxable year.  As of
February 4, 2014   , you will owe $ 408,893.10

**What You Need To Do**

- If you have not filed your complete and accurate return(s), you must send them to the IRS contact
  information as listed on page 1, to avoid additional penalties.  We must receive your returns by
  (N/A).

- If you accept our decision, you should pay $ 408,893.10 by February 19, 2014  .  Make your check
  payable to the "**U.S. Treasury.**"  Write your taxpayer identification number, "civil penalties," and taxable
  year(s) on the memo line of the check.  Mail your payment using the IRS contact information on page 1.

- If you disagree with our decision and plan to appeal, you can avoid future interest on these penalties by
  paying $ 408,893.10 .

**Letter 3946** (Rev. 9-2011)
Catalog Number 39098A

- Send your written request for Appeals consideration using the IRS contact information on page 1 by February 19, 2014.

**Additional Information**
- Visit www.irs.gov for more information; including Publication 5, *Your Appeal Rights and How To Prepare a Protest If You Don't Agree.*
- Keep this letter for your records

**What Happens After You Request Appeals Consideration**
After we forward your case to Appeals, an Appeals employee will contact you.

**Note:** Interest will continue to accrue while the Appeals Officer considers your case, unless the penalties are paid in full.

Sincerely,

David Bosch
Group Manager

2

Letter 3946 (Rev. 9-2011)
Catalog Number 39098A

### Penalty Calculations

| Required Returns | Penalty (IRC section 6677) | How We Calculate the Penalty |
|---|---|---|
| Form 3520 | Initial | 35% of gross reportable amount |
|  | Continuing | $10,000 every 30 days until gross reportable amount reached |
| Form 3520-A | Initial | 5% of gross reportable amount |
|  | Continuing | $10,000 every 30 days until gross reportable amount reached |

**Penalties Apply to Following Return(s)**

**How We Calculated the Initial Penalty**

| Form | Taxable Year | Gross Reportable Amount | Penalty Rate % | Amount of Penalty |
|---|---|---|---|---|
| 3520 | 2005 | $13,521 | 35% | $  4,732.45 |
| 3520 | 2006 | $10,436 | 35% | $  3,652.60 |
| 3520 | 2007 | $139,189 | 35% | $  48,716.15 |
| 3520 | 2008 | $1,005,120 | 35% | $  351,792.00 |
|  |  |  | Total | $  408,893.10 |

**How We Calculated the Continuing Penalty**

| Form | Taxable Year | Number of 30-Day Periods | Amount of Penalty |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |
|  |  | Total | $ |

As of  February 4, 2014  , Total Penalties You Will Owe:  $ 408,893.10

Letter 3946 (Rev. 4-2008)
Catalog Number 39098A

# EXHIBIT I

**Internal Revenue Service**
**Large Business & International**
6200 Shingle Creek Parkway
Brooklyn Center, MN 55430

**Department of the Treasury**

Date:
  February 4, 2014
Taxpayer Identification Number:

IRS Contact Information:
  Delvin Fischer
  Suite 610 EG 1252 DF
  6200 Shingle Creek Parkway
  Brooklyn Center, MN 55430
Telephone Number:
  (651) 312-2174
Fax Number:
  (651) 312-2209
IRS Employee IO Number:

Boris Miksic
645 Halyard Lane
Long Boat Key, FL 34228

REDACTED

Respond by:
  February 19, 2014.

Dear Taxpayer:

**Why We Are Writing to You**
We received your statement for Rust Foundation                      dated  August 21, 2012
and found that it does not establish reasonable cause.

The information submitted does not show you exercised due diligence.
You may delegate the duties of filing tax returns; however, it is your responsibility to ensure that all returns
are timely and accurately filed.

You have fulfilled your filing obligations for Rust Foundation, but you filed the returns late. Therefore, we
will assess the Initial Penalty as explained in our letter dated December 20, 2013.    (IRC Section 6677)

**What You Will Be Assessed**
The tables on page 3 show how we calculated the penalties for each return and each taxable year.  As of
February 4, 2014    you will owe $ 130,164.55

**What You Need To Do**

  • If you have not filed your complete and accurate return(s), you must send them to the IRS contact
    information as listed on page 1, to avoid additional penalties.  We must receive your returns by
    (N/A).

  • If you accept our decision, you should pay $ 130,164.55 by February 19, 2014  .  Make your check
    payable to the "**U.S. Treasury.**"  Write your taxpayer identification number, "civil penalties," and taxable
    year(s) on the memo line of the check.  Mail your payment using the IRS contact information on page 1.

  • If you disagree with our decision and plan to appeal, you can avoid future interest on these penalties by
    paying $ 130,164.55 .

Letter 3946 (Rev. 9-2011)
Catalog Number 39098A

- Send your written request for Appeals consideration using the IRS contact information on page 1 by February 19, 2014.

**Additional Information**
- Visit www.irs.gov for more information; including Publication 5, *Your Appeal Rights and How To Prepare a Protest If You Don't Agree.*
- Keep this letter for your records

**What Happens After You Request Appeals Consideration**
After we forward your case to Appeals, an Appeals employee will contact you.

**Note:** Interest will continue to accrue while the Appeals Officer considers your case, unless the penalties are paid in full.

Sincerely,

David Bosch
Group Manager

2

**Letter 3946 (Rev. 9-2011)**
Catalog Number 39098A

FEB-10-2014  17:17                                                    P.008

## Penalty Calculations

| Required Returns | Penalty (IRC section 6677) | | How We Calculate the Penalty |
|---|---|---|---|
| Form 3520 | Initial | | 35% of gross reportable amount |
| | Continuing | | $10,000 every 30 days until gross reportable amount reached |
| Form 3520-A | Initial | | 5% of gross reportable amount |
| | Continuing | | $10,000 every 30 days until gross reportable amount reached |

**Penalties Apply to Following Return(s)**

### How We Calculated the Initial Penalty

| Form | Taxable Year | Gross Reportable Amount | Penalty Rate % | Amount of Penalty | |
|---|---|---|---|---|---|
| 3520-A | 2005 | $653,679 | 5% | $ | 32,683.95 |
| 3520-A | 2006 | $936,863 | 5% | $ | 46,843.15 |
| 3520-A | 2007 | $1,012,749 | 5% | $ | 50,637.45 |
| 3520-A | 2008 | $0 | 5% | $ | 0 |
| | | | Total | $ | 130,164.55 |

### How We Calculated the Continuing Penalty

| Form | Taxable Year | Number of 30-Day Periods | Amount of Penalty |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | Total | $ |

**As of February 4, 2014   , Total Penalties You Will Owe:  $ 130,164.55**

3

**Letter 3946 (Rev. 4-2008)**
Catalog Number 39098A

# EXHIBIT J

**Internal Revenue Service**
3848 W. COLUMBUS DRIVE
MAIL STOP 5237
TAMPA, FL 33607-5768000

**Department of the Treasury**

REDACTED

CERTIFIED MAIL - RETURN RECEIPT

BORIS A MIKSIC
645 HALYARD LN
LONG BOAT KEY, FL 34228-3713458

Date:
  10/01/2014
Social Security or
Employer Identification Number

Person to Contact:
  CYNTHIA D. SPRY
Contact Telephone Number:
  (813)315-2413
Employee Identification Number:

## FINAL NOTICE
## NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING
### PLEASE RESPOND IMMEDIATELY

**Why We Are Sending You This Letter**
Your federal tax is still unpaid. We asked you to pay the tax, but we still haven't received your payment. This letter is your notice of our intent to levy (under Internal Revenue Code (IRC) Section 6331) and your right to request an Appeals hearing (under IRC Section 6330(a)).

**What You Need To Do**
Please send us a full payment today to prevent additional collection action. Make your check or money order payable to "United States Treasury". Write your Social Security number or Employer Identification Number on your payment. Send your payment to us in the enclosed envelope, along with a copy of this letter. The amount you owe through 10/11/2014 is $609,305.30. Additional penalty and interest charges will be due if you pay after this date.

If you wish to request an Appeals hearing, complete the enclosed Form 12153, *Request for a Collection Due Process or Equivalent Hearing*, and send it to us within 30 days from this letter's date. You must complete, sign, and return this form to the above address within 30 days to preserve your rights to contest an Appeals' decision in the U.S. Tax Court.

**Information about Interest and Penalty Charges**
The unpaid amount from prior notices may include tax, penalties, and interest you still owe. It also includes any credits and payments we've received since we sent our last notice to you. Below is a brief explanation of the interest and/or failure to pay penalty that may be included in the amount you owe:

**Interest - Internal Revenue Code Section 6601**
We charge interest when your tax is not paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full. Interest is also charged on penalties for late filing and failure to pay tax owed. Interest compounds daily, except on late or underpaid estimated income taxes for individuals or corporations.

**Letter 1058 (Rev. 10-2008)**
Catalog Number: 40488S

Taxpayer Identification Number: 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

Corporate Interest – We charge additional interest of 2 percent if, according to our records, you didn't make your corporate tax (income, employment, excise, etc.) payment within 30 days after we notified you of the underpayment of tax. This interest begins on the 31st day after we notify you of the underpayment of tax amounts you owe over $100,000, minus your timely payments and credits.

## Paying Late - Internal Revenue Code Section 6651(a)(2), (a)(3) and (d)(1)

We charge a late penalty of ½ percent of the tax owed each month or part of a month that the tax remains unpaid from the due date, up to a maximum of 25 percent of the tax due. The ½ percent increases to 1 percent for each subsequent month or part of a month if the tax remains unpaid 10 days after we issue a notice of intent to levy.

## What We Are Going To Do

We may file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice to your creditors that the government has a right to your current assets, including any assets you acquire after we file the lien.

If you don't pay the amount you owe, make alternative arrangements to pay, or request an Appeals hearing within 30 days from this letter's date, we may take collection action against your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, and other income.

## How To Get Help

If you have recently paid this tax or if you can't pay it, call us immediately at the telephone number shown at the top of this letter.

The enclosed Publication 594, *The IRS Collection Process,* and Publication 1660, *Collection Appeal Rights,* provide more information.

Sincerely yours,

CYNTHIA D. SPRY
REVENUE OFFICER

Enclosures:
Copy of this letter
Publication 594
Publication 1660
Form 12153

The table below shows the amount you owe:

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty | Additional Interest | Amount You Owe |
|---|---|---|---|---|---|
| CIVPEN | 12/31/2005 | $37,424.58 | $0.00 | $601.51 | $38,026.09 |
| CIVPEN | 12/31/2006 | $50,502.06 | $0.00 | $811.68 | $51,313.74 |
| CIVPEN | 12/31/2007 | $119,405.77 | $0.00 | $1,988.95 | $121,394.72 |
| CIVPEN | 12/31/2008 | $371,803.51 | $0.00 | $6,410.69 | $378,214.20 |
| CIVPEN | 12/31/2009 | $20,000.00 | $0.00 | $356.55 | $20,356.55 |

Total:        $609,305.30

Letter 1058 (Rev. 10-2008)
Catalog Number: 40488S

Form **12153**
(Rev. 12-2013)

# Request for a Collection Due Process or Equivalent Hearing

Use this form to request a Collection Due Process (CDP) or equivalent hearing with the IRS Office of Appeals if you have been issued one of the following lien or levy notices:

- *Notice of Federal Tax Lien Filing and Your Right To A Hearing Under IRC 6320,*
- *Notice of Intent to Levy and Notice of Your Right To A Hearing,*
- *Notice of Jeopardy Levy and Right of Appeal,*
- *Notice of Levy on Your State Tax Refund,*
- *Notice of Levy and Notice of Your Right to a Hearing.*

**Complete this form and send it to the address shown on your lien or levy notice.** Include a copy of your lien or levy notice to ensure proper handling of your request.

Call the phone number on the notice or 1-800-829-1040 if you are not sure about the correct address or if you want to fax your request.

You can find a section explaining the deadline for requesting a Collection Due Process hearing in this form's instructions. If you've missed the deadline for requesting a CDP hearing, you must check line 7 (Equivalent Hearing) to request an equivalent hearing.

**1. Taxpayer Name: (Taxpayer 1)**

**Taxpayer Identification Number**

Current Address:

City: _____ State: _____ Zip Code: _____

| 2. Telephone Number and Best Time to Call During Normal Business Hours | Home: ( ) ____ - _____ ____ ☐ am. ☐ pm.<br>Work: ( ) ____ - _____ ____ ☐ am. ☐ pm.<br>Cell: ( ) ____ - _____ ____ ☐ am. ☐ pm. |

**3. Taxpayer Name: (Taxpayer 2)**

**Taxpayer Identification Number**

Current Address:

*(If Different from Address Above)*

City: _____ State: _____ Zip Code: _____

| 4. Telephone Number and Best Time to Call During Normal Business Hours | Home: ( ) ____ - _____ ____ ☐ am. ☐ pm.<br>Work: ( ) ____ - _____ ____ ☐ am. ☐ pm.<br>Cell: ( ) ____ - _____ ____ ☐ am. ☐ pm. |

**5. Tax Information as Shown on the Lien or Levy Notice (*If possible, attach a copy of the notice*)**

| Type of Tax (Income, Employment, Excise, etc. or Civil Penalty) | Tax Form Number (1040, 941, 720, etc) | Tax Period or Periods |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Form **12153** (12-2013)    Catalog Number 26685D    www.irs.gov    Department of the Treasury - Internal Revenue Service

| Form **12153**<br>(Rev. 12-2013) | **Request for a Collection Due Process or Equivalent Hearing** |

**6. Basis for Hearing Request (Both boxes can be checked if you have received both a lien and levy notice)**

☐ Filed Notice of Federal Tax Lien          ☐ Proposed Levy or Actual Levy

**7. Equivalent Hearing (See the instructions for more information on Equivalent Hearings)**

☐ I would like an Equivalent Hearing – I would like a hearing equivalent to a CDP Hearing if my request for a CDP hearing does not meet the requirements for a timely CDP Hearing

**8.** Check the most appropriate box for the reason you disagree with the filing of the lien or the levy. **See page 4 of this form for examples.** You can add more pages if you don't have enough space.

If, during your CDP Hearing, you think you would like to discuss a Collection Alternative to the action proposed by the Collection function it is recommended you submit a completed Form 433A (Individual) and/or Form 433B (Business), as appropriate, with this form. See www.irs.gov for copies of the forms. Generally, the Office of Appeals will ask the Collection Function to review, verify and provide their opinion on any new information you submit. We will share their comments with you and give you the opportunity to respond.

| Collection Alternative | ☐ Installment Agreement | ☐ Offer in Compromise | ☐ I cannot pay balance |

| Lien<br>Please explain: | ☐ Subordination | ☐ Discharge | ☐ Withdrawal |

My Spouse is Responsible          ☐ Innocent Spouse Relief (Please attach Form 8857, *Request for Innocent Spouse Relief*, to your request.)

Other (*For examples, see page 4*)  ☐
Reason (*You must provide a reason for the dispute or your request for a CDP hearing will not be honored. Use as much space as you need to explain the reason for your request. Attach extra pages if necessary.*):

**9. Signatures**

I understand the CDP hearing and any subsequent judicial review will suspend the statutory period of limitations for collection action. I also understand my representative or I must sign and date this request before the IRS Office of Appeals can accept it. If you are signing as an officer of a company add your title (*president, secretary, etc.*) behind your signature.

**SIGN HERE**

| Taxpayer 1's signature | | Date |
| Taxpayer 2's Signature (*if a joint request, both must sign*) | | Date |
| ☐ I request my CDP hearing be held with my authorized representative (*attach a copy of Form 2848*) | | |

| Authorized Representative's Signature | Authorized Representative's Name | Telephone Number |

**IRS Use Only**

| IRS Employee (Print) | Employee Telephone Number | IRS Received Date |

Form **12153** (12-2013)    Catalog Number 26685D    www.irs.gov    Department of the Treasury - Internal Revenue Service

# Information You Need to Know When Requesting A Collection Due Process Hearing

## What Is the Deadline for Requesting a Timely Collection Due Process (CDP) Hearing?

- Your request for a CDP hearing about a Federal Tax Lien filing must be postmarked by the date indicated in the *Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320* (lien notice).
- Your request for a CDP hearing about a levy must be postmarked within 30 days after the date of the *Notice of Intent to Levy and Notice of Your Right to a Hearing* (levy notice) or Notice of Your Right to a Hearing After an Actual Levy.

Your timely request for a CDP hearing will prohibit levy action in most cases. A timely request for CDP hearing will also suspend the 10-year period we have, by law, to collect your taxes. Both the prohibition on levy and the suspension of the 10-year period will last until the determination the IRS Office of Appeals makes about your disagreement is final. The amount of time the suspension is in effect will be added to the time remaining in the 10-year period. For example, if the 10-year period is suspended for six months, the time left in the period we have to collect taxes will be extended by six months.

You can go to court to appeal the CDP determination the IRS Office of Appeals makes about your disagreement.

## What Is an Equivalent Hearing?

If you still want a hearing with the IRS Office of Appeals after the deadline for requesting a timely CDP hearing has passed, you can use this form to request an equivalent hearing.  You must check the Equivalent Hearing box on line 7 of the form to request an equivalent hearing. An equivalent hearing request does not prohibit levy or suspend the 10-year period for collecting your taxes; also, you cannot go to court to appeal the IRS Office of Appeals' decision about your disagreement. You must request an equivalent hearing within the following timeframe:

- Lien Notice – one year plus five business days from the filing date of the Federal Tax Lien
- Levy Notice – one year from the date of the levy notice
- Your request for a CDP levy hearing, whether timely or Equivalent, does not prohibit the Service from filing a Notice of Federal Tax Lien.

## Where Should You File Your CDP or Equivalent Hearing Request?

File your request by mail at the address on your lien notice or levy notice. You may also fax your request. Call the telephone number on the lien or levy notice to ask for the fax number. Do not send your CDP or equivalent hearing request directly to the IRS Office of Appeals, it must be sent to the address on the lien or levy notice. If you send your request directly to Appeals it may result in your request not being considered a timely request. Depending upon your issue the originating function may contact you in an attempt to resolve the issue(s) raised in your request prior to forwarding your request to Appeals.

## Where Can You Get Help?

You can call the telephone number on the lien or levy notice with your questions about requesting a hearing.  The contact person listed on the notice or other representative can access your tax information and answer your questions.

In addition, you may qualify for representation by a low-income taxpayer clinic for a free or nominal charge.  Our Publication 4134, Low Income Taxpayer Clinic List, provides information on clinics in your area.

If you are experiencing economic harm, the Taxpayer Advocate Service (TAS) may be able to help you resolve your problems with the IRS.  TAS cannot extend the time you have to request a CDP or equivalent hearing.  See page five of Publication 594, *The Collection Process*, or visit  www.irs.gov/advocate/index-html.  You can also call 1-877-777-4778 for TAS assistance.

**Note** – The IRS Office of Appeals will not consider frivolous requests.  You can find examples of frivolous reasons for requesting a hearing or disagreeing with a tax assessment in Publication 2105, *Why do I have to Pay Taxes?*, or at  www.irs.gov by typing "frivolous" into the search engine

You can get copies of tax forms, schedules, instructions, publications, and notices at www.irs.gov, at your local IRS office, or by calling toll-free *1-800-TAX-FORM (829-3676).*

Form **12153** (12-2013)          Catalog Number 26685D          www.irs.gov          Department of the Treasury - Internal Revenue Service

## Information You Need to Know When Requesting A Collection Due Process Hearing

### What Are Examples of Reasons for Requesting a Hearing?

You will have to explain your reason for requesting a hearing when you make your request. Below are examples of reasons for requesting a hearing.

**You want a collection alternative—"I would like to propose a different way to pay the money I owe."** Common collection alternatives include:

- Full payment – you pay your taxes by personal check, cashier's check, money order, or credit card.
- Installment Agreement – you pay your taxes fully or partially by making monthly payments.
- Offer in Compromise – you offer to make a payment or payments to settle your tax liability for less than the full amount you owe.

**"I cannot pay my taxes."** Some possible reasons why you cannot pay your taxes are: (1) you have a terminal illness or excessive medical bills; (2) your only source of income is Social Security payments, welfare payments, or unemployment benefit payments; (3) you are unemployed with little or no income; (4) you have reasonable expenses exceeding your income; or (5) you have some other hardship condition. The IRS Office of Appeals may consider freezing collection action until your circumstances improve. Penalty and interest will continue to accrue on the unpaid balance.

**You want action taken about the filing of the tax lien against your property** – You can get a Federal Tax Lien released if you pay your taxes in full. You also may request a lien subordination, discharge, or withdrawal. See www.irs.gov for more information.

When you request **lien subordination**, you are asking the IRS to make a Federal Tax Lien secondary to a non-IRS lien. For example, you may ask for a subordination of the Federal Tax Lien to get a refinancing mortgage on your house or other real property you own. You would ask to make the Federal Tax Lien secondary to the mortgage, even though the mortgage came after the tax lien filing. The IRS Office of Appeals would consider lien subordination, in this example, if you used the mortgage proceeds to pay your taxes.

When you request a **lien discharge**, you are asking the IRS to remove a Federal Tax Lien from a specific property. For example, you may ask for a discharge of the Federal Tax Lien in order to sell your house if you use all of the sale proceeds to pay your taxes even though the sale proceeds will not fully pay all of the tax you owe.

When you request a **lien withdrawal**, you are asking the IRS to remove the Notice of Federal Tax Lien (NFTL) information from public records because you believe the NFTL should not have been filed. For example, you may ask for a withdrawal of the filing of the NFTL if you believe the IRS filed the NFTL prematurely or did not follow procedures, or you have entered into an installment agreement and the installment agreement does not provide for the filing of the NFTL. A withdrawal does not remove the lien from your IRS records.

**Your spouse is responsible—"My spouse (or former spouse) is responsible for all or part of the tax liability."** You may believe that your spouse or former spouse is the only one responsible for all or a part of the tax liability. If this is the case, you are requesting a hearing so you can receive relief as an innocent spouse. You should complete and attach Form 8857, *Request for Innocent Spouse Relief,* to your hearing request.

**Other Reasons— "I am not liable for (I don't owe) all or part of the taxes."** You can raise a disagreement about the amount you owe only if you did not receive a deficiency notice for the liability (a notice explaining why you owe taxes-it gives you the right to challenge in court, within a specific timeframe, the additional tax the IRS says you owe), or if you have not had another prior opportunity to disagree with the amount you owe.

**"I do not believe I should be responsible for penalties."** The IRS Office of Appeals may remove all or part of the penalties if you have a reasonable cause for not paying or not filing on time. See Notice 746, Information About Your Notice, Penalty and Interest for what is reasonable cause for removing penalties.

**"I have already paid all or part of my taxes."** You disagree with the amount the IRS says you haven't paid if you think you have not received credit for payment you have already made.

---

See **Publication 594,** *The IRS Collection Process,* for more information on the following topics: **Installment Agreements and Offer in Compromise; Lien Subordination, Discharge, and Withdrawal; Innocent Spouse Relief; Temporarily Delay Collection; and belief that tax bill is wrong.**

---

# EXHIBIT K



**Department of the Treasury**
**Internal Revenue Service**
**Small Business and Self-Employed**

Date: NOV 2 6 2014

Taxpayer Identification Number:

Form:
1040    REDACTED

Person to Contact:
Chris John

Contact Telephone Number:
651-312-7840

Contact Fax Number:

CERTIFIED MAIL

Boris A. Miksic
645 Halyard Lane
Long Boat Key FL  34228

Employee Identification Number:

Last Day to File a Petition With the
United States Tax Court:

FEB 2 4 2015

| Tax Year Ended: | December 31, 2005 | December 31, 2006 | December 31, 2007 |
|---|---|---|---|
| Deficiency: | | | |
| Increase in tax | $7,860.00 | $23,962.00 | $65,741.00 |
| Penalties or Additions to Tax | | | |
| IRC 6662(a) | 1,572.00 | 4,792.40 | 13,148.20 |
| IRC 6651 | 1,965.00 | | |

Dear BORIS A. MIKSIC:

**Why We Are Sending You This Letter**
We determined that you owe additional tax or other amounts, or both, for the tax year or years identified above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed Form 4549-A, *Income Tax Discrepancy Adjustments* or Form 5278, *Statement - Income Tax Changes,* shows how we figured the deficiency.

**If You Wish to Challenge This Determination**
If you want to challenge this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court to reconsider the deficiency.

**Information You Will Need**
If you have recently sought bankruptcy relief by filing a petition in bankruptcy court, see enclosed Notice 1421, *How Bankruptcy Affects Your Right to File a Petition in Tax Court in Response to a Notice of Deficiency.*

Letter 531 (Rev. 8-2012)
Catalog Number 40223L



**Department of the Treasury**
**Internal Revenue Service**
**Small Business and Self-Employed**

Date: NOV 2 6 2014

Taxpayer Identification Number:

Form:
1040

~~REDACTED~~

Person to Contact:
Chris John

Contact Telephone Number:
651-312-7840

Contact Fax Number:

Employee Identification Number:

Last Day to File a Petition With the
United States Tax Court:
FEB 2 4 2015

CERTIFIED MAIL

Boris A. Miksic
645 Halyard Lane
Long Boat Key FL  34228

| Tax Year Ended: | December 31, 2008 | December 31, 2009 |
|---|---|---|
| Deficiency: | | |
| Increase in tax | $252,727.00 | $47,596.00 |
| Penalties or Additions to Tax | | |
| IRC 6662(a) | 50,545.40 | 9,519.20 |

Dear BORIS A. MIKSIC:

**Why We Are Sending You This Letter**
We determined that you owe additional tax or other amounts, or both, for the tax year or years identified above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed Form 4549-A, *Income Tax Discrepancy Adjustments* or Form 5278, *Statement - Income Tax Changes,* shows how we figured the deficiency.

**If You Wish to Challenge This Determination**
If you want to challenge this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court to reconsider the deficiency.

**Information You Will Need**
If you have recently sought bankruptcy relief by filing a petition in bankruptcy court, see enclosed Notice 1421, *How Bankruptcy Affects Your Right to File a Petition in Tax Court in Response to a Notice of Deficiency.*

**Letter 531 (Rev. 8-2012)**
Catalog Number 40223L

You can get a copy of the rules for filing a petition and a petition form by writing to the following address:

United States Tax Court
400 Second Street, NW
Washington, DC 20217

- The Tax Court has a simplified procedure for small tax cases when the dispute for each tax year is $50,000 or less.

- If you use this simplified procedure, you cannot challenge the Tax Court's decision. You can get information on the simplified procedure for small cases from the Tax Court by writing to the court at the address above or from the court's internet site at www.ustaxcourt.gov.

- If you file a petition for multiple tax years and the dispute for any one or more of the tax years exceeds $50,000, this simplified procedure is not available to you.

**The Law Regarding Married Couples**
The law requires separate notices for husbands and wives. Both must sign and file the petition or each must file a separate, signed petition if this letter is addressed to both husband and wife, and both want to petition the Tax Court.

If only one spouse is in bankruptcy at the time this letter was issued or files a bankruptcy petition after the date of this letter, the bankruptcy automatic stay does not prohibit the spouse who is not in bankruptcy from filing a petition with Tax Court. The bankruptcy automatic stay of the spouse seeking bankruptcy relief does not extend the time for filing a petition in Tax Court for the spouse who is not in bankruptcy.

**How to File Your Petition Form**
Send the completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the address above. If more than one tax year is shown above, you may file one petition form showing all of the years you are challenging.

You may represent yourself before the Tax Court, or you may be represented by anyone admitted to practice before the Tax Court.

**Time Limits on Filing a Petition**
The time you have to file a petition in the Tax Court is set by law.

1. The petition is considered timely filed if the postmark date falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage.

2. The Tax Court cannot consider your case if your Tax Court petition is filed late. IRS cannot grant an extension or allow a suspension of the prescribed deadline, even for reasonable cause. Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS won't change the allowable period for filing a petition with the Tax Court.

**If You Agree with the Notice of Deficiency**
If you decide not to file a petition with the Tax Court, please sign the enclosed Form 4089-B, *Notice of Deficiency - Waiver,* and return it to us at the IRS address on the top of the first page of this letter. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

**If We Don't Hear from You**
If you decide not to sign and return Form 4089-B, and you do not file a petition with the Tax Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

NOTE: If you are a C-corporation, section 6621(c) of the Internal Revenue Code requires that we charge an interest rate two percent higher than the normal rate on corporate underpayments in excess of $100,000.

**Information About the IRS Taxpayer Advocate Office**
The IRS office whose phone number appears at the top of the notice can best address and access your tax information and help get you answers. You may be eligible for help from the Taxpayer Advocate Service (TAS) if you have tried to resolve your tax problem through normal IRS channels and have gotten nowhere, or you believe an IRS procedure just isn't working as it should. TAS is your voice at the IRS. TAS helps taxpayers whose problems are causing financial difficulty or significant cost, including the cost of professional representation (this includes businesses as well as individuals). You can reach TAS by calling the TAS toll-free number at 1-877-777-4778 or by contacting the local Taxpayer Advocate office at:

> 7850 Southwest Sixth Court,
> Room 265
> Plantation, FL 33324

To learn more about TAS and your basic tax responsibilities, visit www.TaxpayerAdvocate.irs.gov.

**How to Contact Us**
You may write or call the contact person whose name, telephone number, and IRS address are shown in the heading of this letter if you need further assistance. If you write, please include your telephone number, the best times if we need to call you and a copy of this letter to help us identify your account.

If you prefer to call and the telephone number is outside your local calling area, there may be a long distance charge to you.

Keep the original letter for your records.

Sincerely,

John A. Koskinen
Commissioner
By ⟨signature⟩ (wb)
Heather J. Yocum
Acting Technical Services Territory Manager

Enclosures:
Form 4549-A or Form 5278
Form 4089-B

Page: 4

Continuation Sheet

| | |
|---|---|
| NAME:  BORIS A. MIKSIC | TIN: |

REDACTED

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Accuracy-related Penalty  IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code.  The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Delinquency Penalty  IRC section 6651(a)(1)

Since you did not file your return within the time prescribed by law, and you did not show that not filing was due to reasonable cause, a penalty of 5 percent is added to the tax for each month or part of a month for which your return was late.  The penalty will not exceed a total of 25 percent.  In addition, interest is figured on this penalty from the due date of this return, (including any extension). See section 6651(a)(1) and 6601(e)(2) of the Internal Revenue Code.

| Form **4089-B**<br>(October 1999) | Department of the Treasury — Internal Revenue Service<br>## Notice of Deficiency-Waiver | Symbols |
|---|---|---|

| Name and address of taxpayer(s)<br><br>Boris A. Miksic<br>645 Halyard Lane<br>Long Boat Key FL 34228 | | Social Security or Employer Identification Number<br><br>REDACTED |

NOV 2 6 2014

| Kind of tax<br><br>Income | ☑ Copy to authorized representative<br><br>Kevin Packman, Holland & Knight LLP<br>701 Brickell Avenue<br>30th Floor<br>Miami, FL 33131 |
|---|---|

**DEFICIENCY — Increase in Tax and Penalties**

| Tax Year Ended: | December 31, 2005 | December 31, 2006 | December 31, 2007 |
|---|---|---|---|
| Deficiency: Increase in tax | 7,860.00 | 23,962.00 | 65,741.00 |
| Penalties | | | |
| IRC 6662 20% | 1,572.00 | 4,792.40 | 13,148.20 |
| IRC 6651 25% | 1,965.00 | | |

**See the attached explanation for the above deficiencies**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

| **Your Signature** | ➤ | | *(Date signed)* |
|---|---|---|---|
| **Spouse's Signature**<br>*(If A Joint Return<br>Was Filed)* | ➤ | | *(Date signed)* |
| **Taxpayer's<br>Representative<br>Sign Here** | ➤ | | *(Date signed)* |
| **Corporate Name** | ➤ | | |
| **Corporate Officers<br>Sign Here** | ➤ | *(Signature)* | *(Title)* | *(Date signed)* |
| | ➤ | *(Signature)* | *(Title)* | *(Date signed)* |

If you agree, please sign one copy and return it; keep the other copy for your records.

Cat. No. 29000E                    www.irs.gov                    Form **4089-B** (10-1999)

| Form **4089-B**<br>(October 1999) | Department of the Treasury — Internal Revenue Service<br>**Notice of Deficiency-Waiver** | Symbols |
|---|---|---|

| Name and address of taxpayer(s) | Social Security or Employer Identification Number |
|---|---|
| Boris A. Miksic<br>645 Halyard Lane<br>Long Boat Key  FL  34228     NOV 2 6 2014 | REDACTED |

| Kind of tax | ☑ Copy to authorized representative |
|---|---|
| Income | Kevin Packman, Holland & Knight LLP<br>701 Brickell Avenue<br>30th Floor<br>Miami, FL  33131 |

### DEFICIENCY — Increase in Tax and Penalties

| Tax Year Ended: | December 31, 2008 | December 31, 2009 |
|---|---|---|
| Deficiency: Increase in tax | 252,727.00 | 47,596.00 |
| Penalties | | |
| IRC 6662 20% | 50,545.40 | 9,519.20 |

**See the attached explanation for the above deficiencies**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

| Your Signature | ➤ | (Date signed) |
|---|---|---|
| **Spouse's Signature**<br>**(If A Joint Return**<br>**Was Filed)** | ➤ | (Date signed) |
| Taxpayer's<br>Representative<br>Sign Here | ➤ | (Date signed) |
| Corporate Name | ➤ | |
| Corporate Officers<br>Sign Here | ➤ (Signature)          (Title) | (Date signed) |
| | ➤ (Signature)          (Title) | (Date signed) |

If you agree, please sign one copy and return it; keep the other copy for your records.

Cat. No. 29000E                www.irs.gov                Form **4089-B** (10-1999)

## Instructions for Form 4089 B

**Note:**

If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Optional Paragraphs**

A check in the block to the left of a paragraph below indicates that the paragraph applies to your situation.

☐ The amount shown as the deficiency may not be billed, since all or part of the refund due has been held to offset all or a portion of the amount of the deficiency. The amount that will be billed, if any, is shown on the attached examination report.

☐ The amount shown as a deficiency may not be billed, since the refund due will be reduced by the amount of the deficiency. The net refund due is shown on the attached examination report.

Page: 1

Continuation Sheet

NAME: Miksic, Boris A.                                    TIN: REDACTED

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Penalty for Failure to File - IRC 6651(a)(1)

Since you did not file your return within the time prescribed by law, and you did not show that the failure to file timely was due to reasonable cause, a penalty is added to the tax. For each month or part of a month that your failure to file continued, the penalty is 5% of the total tax determined to be due that was not paid when it was due; however, the penalty will not exceed 25% of the tax not paid on time, unless the minimum penalty applies.

When a return is not filed within 60 days from the due date, the minimum penalty is the lesser of $135 ($100 for returns due before 1/1/2009) or the total tax determined to be due that was not paid when it was due.

IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code. The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty. In addition, interest is computed on this penalty from the due date of the return (including any extensions).